## Case No. 17,395.

WELLS v. GILL et al.

[6 Fish. Pat. Cas. 574; [1] 4 O. G. 669.]

Circuit Court, D. Massachusetts. Nov. 6, 1873.

REISSUED PATENTS—VALIDITY.

1. If the reissued patent does not, upon the face of the patent, embrace anything not substantially described or suggested in the original, the reissue is valid.

2. Reissued patent, No. 2,942, to Eliza Wells, dated May 19, 1868, declared valid.

In equity. Final hearing on pleadings and proofs. Suit brought [by Eliza Wells against Ira Gill and others] upon reissued patent, No. 2,942, to Eliza Wells, dated May 19, 1868. The history of this patent, the claims of the original and of the reissue, together with an engraving of the Wells machine, will be found in Wells v. Jacques [Case No. 17,398].

Edward N. Dickerson, for complainant.

H. F. French and A. L. Soule, for defendant.

SHEPLEY, Circuit Judge. Upon a full hearing of this case, and of the arguments of

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

counsel, it is considered and adjudged by the court, that the reissued patent introduced in evidence in this cause, does not, upon the face of the patent, embrace anything not substantially described or suggested in the original patent to Henry A. Wells; and upon a careful revision of the evidence, the court is of opinion, and accordingly decides, that Henry A. Wells was the original and first inventor of the several combinations claimed in the reissued patent, and that the same is a good and valid patent; and the court is of opinion that the differences between the machine of the defendants and that of the complainant are formal merely, and not substantial, excepting that the defendants have introduced into their machine certain modifications of the exhaust current and of the combined action of the exhaust current with the current produced by the revolution of the brush or picker, which modifications are to be viewed only as additions to, or improvements upon, the devices embraced in the reissued Wells patent. The judgment of the court is, that the defendants did infringe, as charged in the complainant's bill in this case, and for an injunction and account, according to the prayer of the bill.

[For other cases involving this patent, see note to Burr v. Cowperthwaite, Case No. 2,188.]